# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROLANDO VIZCARRA, et al., <br><br> Defendants. | Case No. 10-CV-1052 W (NLS) <br><br> **ORDER (1) GRANTING EX PARTE APPLICATION [DOC. 11], AND (2) AUTHORIZING PROCESS SERVER TO LEVY EXECUTION PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 699.080** |

On October 28, 2010, the Court granted Plaintiff Joe Hand Promotions, Inc.'s motion for default judgment against Defendants Rolando Vizcarra a/k/a Rolando Vizcarrapayan, individually, and d/b/a/ La Hamaca Botana & Sports Bar, and ordered that a judgment be entered in favor of Plaintiff. (Doc. 9.) On December 3, 2010, Plaintiff filed an ex parte application for an entry of an order authorizing a process server to levy execution pursuant to California Code of Civil Procedure § 699.080. (Doc. 11.)

The execution of final judgments is governed by Rule 69(a) of the Federal Rules of Civil Procedure. Pursuant to Rule 69(a), post-judgment enforcement proceedings

must comply with California law.  Credit Suisse v. U.S. Dist Court for Cent. Dist. of California, 130 F.3d 1342, 1344 (9th Cir. 1997); Hilao v. Estate of Marcos, 95 F.3d 848, 850 (9th Cir. 1996).  Under California law, a registered process server may levy under a writ of execution on property specified in the California Code of Civil Procedure § 699.080(a).  A registered process server is a person registered as a process server pursuant to the California Business and Professions Code.  Cal. Civ. Proc. Code § 481.205 (citing Cal. Bus. & Prof. Code §§ 22350 to 22360).  This authority is limited to cases where the levy does not involve the possibility of taking immediate possession of the property.  The procedures for a registered process server to properly levy under the writ of execution are set forth in §§ 699.080(b)–(c) of the California Code of Civil Procedure.

The Court has reviewed the Declaration of David J. Cook, Esq.  The Court finds that Advanced Attorney Services is a registered process server[1]—having filed a certificate of registration with the County Clerk in San Diego County Superior Court—authorized to perform the services pursuant to California Code of Civil Procedure § 699.080.  Furthermore, the Court finds that the use of a private process server would serve the interest of justice in relieving the United States Marshal from effectuating certain types of services necessary to effectuate collection of the judgment in this action.  Also, the Court notes that the use of a process server is routine in the enforcement of judgments and is authorized by California law.

//

//

//

---

[1] Advanced Attorney Services employs two process servers registered in San Diego County: Jaime Torres (Registration # 1460), and Rodrigo Lora (Registration # 479). (David J. Cook, Esq. Decl., Ex. B ¶¶ 2 & 4 [Doc. 11-2].)

Accordingly, good cause appearing, the Court **GRANTS** Plaintiff's ex parte application and **HEREBY ORDERS** that:

1. Plaintiff may employ the services of Advanced Attorney Services to perform the duties and responsibilities of a levying officer as defined under California Code of Civil Procedure § 699.080; and

2. Advanced Attorney Services *shall* comply with the requirements of the California Code of Civil Procedure in the enforcement of the judgment, consistent with and in conformity to the California Code of Civil Procedure § 699.080.

**IT IS SO ORDERED.**

DATED: December 6, 2010

Hon. Thomas J. Whelan
United States District Judge